No. 75,939

In the Matter of ROBERT L. MITCHELL, *Respondent.*

(919 P.2d 360)

Opinion filed July 12, 1996.

*Stanton A. Hazlett*, chief deputy disciplinary administrator, argued the cause, and *Mark F. Anderson*, disciplinary administrator, and *Marty M. Snyder*, deputy disciplinary administrator, were with him on the formal complaint for the petitioner.

*Robert L. Mitchell*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Robert L. Mitchell, of Wichita, an attorney admitted to the practice of law in Kansas. The complaint filed against respondent alleged violations of Model Rules of Professional Conduct (MRPC) 1.1 (1995 Kan. Ct. R. Annot. 251) (competence), MRPC 1.3 (1995 Kan. Ct. R. Annot. 257) (diligence), and MRPC 1.4 (1995 Kan. Ct. R. Annot. 263) (communication).

A formal hearing before a panel of the Kansas Board for Discipline of Attorneys was held on September 19, 1995. Respondent appeared in person and by counsel. Respondent stipulated to the facts and that he had violated MRPC 1.1, 1.3, and 1.4.

The panel summarized the facts as follows:

"Respondent, an attorney at law, in Wichita, Kansas, was retained by Velincia Johnson, hereafter called Complainant, to represent her in an action which had been filed to repossess the complainant's automobile. Complainant paid Respondent $150 on July 12, 1994, as a retainer with the agreement that the check would not be cashed until the following week. Also Complainant furnished Respondent the summons and petition on the repossession action that had been filed against Complainant.

"In spite of the agreement the Respondent attempted to cash the Complainant's check immediately and the check did not clear the bank. The Respondent then called Complainant and Complainant took a money order to the Respondent for $150.

"Later the Respondent sent the initial retainer check to the bank and the check cleared. Complainant was not aware that Respondent had sent the initial check

back to the bank until other checks written by Complainant were returned by the bank because of insufficient funds.

"Later the Respondent denied that he had been paid any money for his services by the Complainant, but then the Respondent agreed to refund $150 to the Complainant.

"After being retained, the Respondent failed to take any action on behalf of the Complainant which resulted in a default judgment being entered against the Complainant. Later an order to appear for hearing in aid of execution was issued against Complainant, which was the first notice that complainant had that default judgment had been taken against her.

"The Complainant then contacted the Respondent and he denied any knowledge that he represented the Complainant and further denied he had been paid by the Complainant.

"Since that time Complainant has retained another attorney and a motion has been filed to set aside the default judgment."

The panel unanimously concluded that respondent's actions violated MRPC 1.1, 1.3, and 1.4. The panel unanimously recommended that respondent be suspended from the practice of law for a period of 2 years, imposition of suspension be suspended, and respondent be placed on supervised probation. In making its recommendation, the panel stated:

"The main source of the problems of the Respondent are his admitted alcoholism which Respondent admits he has had since about 1987. Also, Respondent has admitted his use of drugs in the past. The Respondent did inform the panel that he has sought treatment for his alcoholism in the summer of 1995 which treatment consisted of a treatment program at the Kansas Multicultural Alcohol and Drug Treatment Center, Wichita, Kansas, from June 2, 1995, to July 2, 1995.

"Both the attorney for the [Kansas Board for Discipline of Attorneys] and the Respondent and his attorney recommend that it would be best if Respondent were placed under supervision for a period of time and then Respondent is given until October 1, 1995, to submit a plan of supervision to this Board."

On May 24, 1996, the Chief Deputy Disciplinary Administrator filed the recommendation of the Disciplinary Administrator's office, pursuant to Supreme Court Rule 212(b) (1995 Kan. Ct. R. Annot. 214). The Disciplinary Administrator's office changed its recommendation in support of supervised probation to suspension for a definite period of time. The basis of the Disciplinary Administrator's office's recommendation was stated as follows:

"4. . . . Subsequent to the panel hearing in this matter the respondent was found to have violated his parole from [a 1994 DUI] conviction by using alcohol. The parole violation occurred on December 19, 1995. The respondent was placed in the Sedgwick County Detention facility as a result of that parole violation by Municipal Court Judge Janet Arndt. On January 17, 1996, the respondent was released from jail by Judge Arndt and ordered into a residential treatment facility. On February 7, 1996, Judge Arndt learned that Mr. Mitchell had not returned to the treatment facility for two (2) days. Judge Arndt then confronted the respondent who admitted that he had not returned to the treatment facility due to domestic problems. The judge ordered Mr. Mitchell to take a test for alcohol and drug use. Mr. Mitchell refused to take that test once he was taken to jail. Mr. Mitchell was then ordered by Judge Arndt to complete the remainder of his sentence on the DUI conviction. Mr. Mitchell was placed in jail on February 7, 1996, and was released on April 25, 1996. . . .

"5. Because of the respondent's incarceration in Wichita it was necessary for the Wichita Bar Association to inventory the client files of the respondent to protect the interest of his clients and obtain new representation for those individuals."

In addition, the Disciplinary Administrator's office recommends that "[a] reinstatement hearing should also be required of the respondent to address the issue of the respondent's continued dependence on alcohol and drugs."

After a careful review of the record, we are of the opinion that respondent's conduct subsequent to the panel hearing in violating his probation on the DUI conviction, his continued use of alcohol, and the existence of four additional complaints pending hearing or investigation negates the panel's recommendation of supervised probation. We agree with the Disciplinary Administrator's office that respondent should be suspended for a definite period of time and conclude that a 1-year suspension and compliance with Supreme Court Rule 219 (1995 Kan. Ct. R. Annot. 229) (reinstatement) is appropriate.

IT IS THEREFORE ORDERED that Robert L. Mitchell be and he is hereby suspended from the practice of law in the state of Kansas for a period of 1 year from July 12, 1996.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218(a) (1995 Kan. Ct. R. Annot.

222) and, at the end of the 1-year suspension or anytime thereafter, shall comply with Supreme Court Rule 219.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.