No. 78,963

In the Matter of ROBERT L. MITCHELL, *Respondent.*

(946 P.2d 999)

Opinion filed October 31, 1997.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause, and *Marty M. Snyder*, deputy disciplinary administrator, was on the formal complaint for the petitioner.

There was no appearance by the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Robert L. Mitchell, of Wichita, an attorney admitted to the practice of law in Kansas.

The amended formal complaint filed against respondent consists of seven counts and alleges violations of MRPC 1.2 (1996 Kan. Ct. R. Annot. 261), 1.3 (1996 Kan. Ct. R. Annot. 264), 1.4 (1996 Kan. Ct. R. Annot. 270), 1.5 (1996 Kan. Ct. R. Annot. 276), 1.15 (1996 Kan. Ct. R. Annot. 302), 1.16 (1996 Kan. Ct. R. Annot. 310), 3.2 (1996 Kan. Ct. R. Annot. 319), 3.3 (1996 Kan. Ct. R. Annot. 321), 3.4(c) (1996 Kan. Ct. R. Annot. 324), 8.1 (1996 Kan. Ct. R. Annot. 348), and 8.4 (1996 Kan. Ct. R. Annot. 350), and Supreme Court Rule 207 (1996 Kan. Ct. R. Annot. 205).

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held March 11, 1997. The Disciplinary Administrator appeared by Marty M. Snyder, deputy disciplinary administrator. Respondent appeared in person. The panel, based on clear and convincing evidence, made the following findings of fact:

"In Case No. A6407, Complainant, Dorothy Witherspoon, retained Mr. Mitchell in September, 1994 to provide documents that would convey a life estate in real property to herself and Mr. Luther Taplin with a remainder interest to Mr. Taplin's niece, Maretta McKellop. Respondent received $466.50 from Ms. Witherspoon ($66.50 for filing fees and the rest for attorneys fees), but before he accomplished the conveyance, Mr. Taplin died. His niece claimed ownership of the property. Respondent filed suit and the issue of ownership was set for hearing. Motions were filed and also set for hearing. Suffering from drug and alcohol addiction, Respondent did not advise Ms. Witherspoon of the hearing dates and

did not copy her on the pleadings he filed. When Complainant failed to file an accounting as the court required, she was found in contempt. Ms. Witherspoon was not advised of this occurrence either. She fired him but never received a refund of the fee.

"3. Case No. A6537 arose from sexual harassment (comments and phone calls) Respondent made to Ms. Denise Brooks in late 1995 and early 1996. Respondent admitted to the Panel that he was under the influence of alcohol and drugs and cannot clearly remember all of his actions. Case No. A6600 involves Respondent's arrest, conviction, parole violation and·incarceration for the offense of Driving Under the Influence; these events occurred in early 1996.

"4. Case No. A6665 concerns Respondent's representation of Barney Tucker in November, 1995. Mr. Tucker received a speeding ticket and Respondent agreed to request a trial date for Mr. Tucker. Unfortunately Mr. Tucker never heard from Respondent and his drivers license was suspended in March 1996 for failure to appear at trial. Mr. Tucker paid Respondent a total of $232 to handle the defense. [Respondent] has not answered the disciplinary investigator's requests for information about this matter.

"5. The next complaint (Case No. A6667) was filed by Mr. Mohammed Said Khalid after he retained Respondent to represent him in a traffic case. Mr. Mitchell failed to appear at the January 22, 1996 hearing on Mr. Khalid's traffic citations and Mr. Khalid had to pay the traffic fines. This was after Mr. Khalid had already paid Mr. Mitchell $350.00 for representation. Mr. Mitchell did not respond to the Disciplinary investigator with regard to this complaint either.

"6. Another traffic matter (Case No. A6739) concerned Francoise Brodier who paid Respondent a $500 retainer to represent her. After entering his appearance and getting trial dates, Mr. Mitchell failed to tell his client of the court dates. He also failed to appear in court on her behalf on the scheduled dates. Respondent kept the entire $500 retainer. Ms. Brodier has filed a claim with the Lawyers Fund for Client Protection (Exhibit P) for reimbursement of the $500 fee.

"7. The last complaint (Case No. A6857) was reported to Chief Deputy Disciplinary Administrator Stan Hazlett by Judge Janet L. Arndt, Municipal Court Judge, Wichita, Kansas. In answer to Mr. Hazlett's letter dated November 14, 1996, she explained that Mr. Mitchell continued to abuse alcohol and drugs as evidenced by an incident of disorderly conduct at the Wichita Airport in October 1996. This incident violated Mr. Mitchell's supervised probation that required his abstinence from alcohol and controlled substances. As a result, the Supreme Court of Kansas suspended Mr. Mitchell's license to practice law. [In re Mitchell, 260 Kan. 560 (1996)]."

## The panel concluded that

"Respondent violated MRPC 1.2 and 1.3 in his representation of Ms. Brodier (Case A6739). He failed to inform her of the trial dates and consult her about the defense. Similar conduct of Respondent supports this Panel's finding that Respondent violated MRPC 1.3 (not acting with reasonable diligence and prompt-

ness) in representing Ms. Witherspoon (Case No. A6407), and Mr. Tucker (Case No. A6665), and Mr. Khalid (Case No. A6667). In these four (4) cases Respondent violated MRPC 1.4 by failing to keep his clients reasonably informed about the status of their cases, including trial dates, and by failing to advise them of his own circumstances to the extent necessary to enable them to make informed decisions.

"The evidence in Case No. A6739 supports the finding that Respondent violated MRPC 1.5 in accepting a $500 retainer from Ms. Brodier and then neglecting to act on her behalf once the trial date was set.

"Clear and convincing evidence also supports the Panel's finding that Respondent violated MRPC 1.15 (Case Nos. A6704 and A6739) by failing to keep the fees separate from his personal account and to return the unused portions promptly. Respondent's conduct in those same two cases also violates MRPC 1.16 as the evidence clearly and convincingly supports the Panel's finding that Respondent continued to represent these clients despite his physical and mental condition which materially impaired his ability to act as their lawyer.

"His conduct in Case No. A6739 (re Ms. Brodier) violated MRPC 3.2 in that he failed to make reasonable efforts to expedite the litigation.

"Respondent violated MRPC 3.3 when he failed to appear at the November 13, 1996 docket in Wichita, Kansas (Case No. A6857). He had been arrested on the charge of disorderly conduct and released on his own recognizance provided he appear before the Court on November 13, 1996. When he missed the court date, Judge Arndt ordered him arrested and jailed. This incarceration further frustrated his ability to represent or withdraw his representation of his clients.

"The disorderly conduct charge stemmed from his intoxication which violated MRPC 3.4(c): Respondent violated the Supreme Court's condition of probation by not abstaining from alcohol (Case No. A6857). He also violated MRPC 3.4(c) in Case A6660 when he left Behavior Consultants, Inc., a treatment facility, contrary to Judge Arndt's condition of probation in his DUI conviction.

"His failure to respond to the disciplinary investigator in Case Nos. A6665 (Mr. Tucker) and A6667 (Mr. Khalid) violated MRPC 8.1 and Supreme Court Rule 207.

"The totality of the circumstances surrounding Respondent's conduct in these seven (7) complaints is clear and convincing evidence that he violated MRPC 8.4(g). His actions that adversely reflect on his fitness to practice law include his addiction to alcohol and drugs, his harassment of Ms. Brooks, numerous absences at scheduled hearings for his clients and himself, failure to follow the conditions of his probation, and his arrest and incarceration for disorderly conduct."

The panel, after applying the ABA standards on aggravation and mitigation, recommended that respondent be indefinitely suspended from the practice of law, which "should run concurrently with the one (1) year suspension ordered by the Supreme Court effective July 12, 1996." The panel further recommended that re-

spondent be required to pay the costs of these proceedings and restitution to

"Dorothy Witherspoon ($400.00 in Case No. A6407), to Maeola Tucker, widow of Barney Tucker ($289.00 in Case No. A6665), $350.00 to Mr. Mohammed Said Khalid (Case No. A6667), to the Kansas Lawyers' Fund for Client Protection for its payment to Ms. Brodier ($500.00 in Case No. A6739) and to the Wichita Municipal Court for the amount of fines or penalties assessed in Case No. 96-CO103191."

The Disciplinary Administrator recommended that respondent be disbarred.

Respondent filed no exceptions to the report and recommendations of the panel and failed to appear before this court. A majority of the court concurs in the findings, report, and recommendations of the hearing panel and finds that respondent should be indefinitely suspended from the practice of law in Kansas. However, for purposes of Supreme Court Rule 219(e) (1996 Kan. Ct. R. Annot. 234), the suspension should be effective as of the date of this order.

IT IS THEREFORE ORDERED that Robert L. Mitchell be and he is hereby disciplined by indefinite suspension for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that Robert L. Mitchell shall make full restitution to complainants prior to the filing of a petition pursuant to Rule 219 and that he comply with Rule 218 (1996 Kan. Ct. R. Annot. 226).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.